WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants John Traynor,
Christian Koch, Michael Cassino, Keith
Olson, Edmund Hartnett and the
City of Yonkers
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:   John M. Flannery (JF-0229)
        Peter A. Meisels (PM-5018)
        Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RUI FLORIM,                                                  :
                                                                  08 Civ. 6920 (SCR)
                      Plaintiff,                             :

        -against-                                            :

JOHN TRAYNOR, individually, CHRISTIAN                        :    **ANSWER ON BEHALF OF**
KOCH, individually, "JOHN" CASSINO,                               **DEFENDANTS JOHN TRAYNOR,**
individually, "JOSEPH" OLSON, individually,                       **CHRISTIAN KOCH, MICHAEL**
"ROBERTA" MORAN, individually, "THOMAS"                      :    **CASSINO, KEITH OLSON,**
MOLINA, individually, "JOHN DOE," individually,              :    **EDMUND HARTNETT and THE**
"MARY ROE," individually, YONKERS POLICE                          **CITY OF YONKERS**
OFFICERS #1 to #10, individually, EDMUND                     :
HARTNETT, individually, and THE CITY OF
YONKERS, New York,                                           :

                      Defendants.                            :
------------------------------------------------------------x

Defendants John Traynor, Christian Koch, Michael Cassino (s/h/a "John Cassino"), Keith Olson (s/h/a "Joseph Olson"), Edmund Hartnett and the City of Yonkers (collectively, the "Defendants"), by their undersigned attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for their answer to plaintiff's Complaint allege as follows:

2096312.1

## Nature of the Action

1. Deny any allegations contained in paragraph 1 of the complaint, and respectfully refer all questions of law to the Court.

## Jurisdiction

2. Deny any allegations contained in paragraph 2 of the complaint, and respectfully refer all questions of law to the Court.

## The Parties

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Deny the truth of the allegations contained in paragraph 4 of the complaint, except admit that John Traynor was employed as a police officer by the City of Yonkers on May 19, 2006 and was subsequently promoted.

5. Deny the truth of the allegations contained in paragraph 5 of the complaint, except admit that Christian Koch was employed as a police officer by the City of Yonkers on May 19, 2006.

6. Deny the truth of the allegations contained in paragraph 6 of the complaint, except admit that Michael Cassino was employed as a Police Officer by the City of Yonkers on May 19, 2006.

7. Deny the truth of the allegations contained in paragraph 7 of the complaint, except admit that Keith Olson was employed as a Detective by the City of Yonkers on May 19, 2006.

8. Deny the truth of the allegations contained in paragraph 8 of the complaint.

9. Deny the truth of the allegations contained in paragraph 9 of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Deny the truth of the allegations contained in paragraph 11 of the complaint, except admit that Edmund Hartnett is currently the Police Commissioner of the City of Yonkers.

12. Deny the truth of the allegations contained in paragraph 12 of the complaint, except admit that the City of Yonkers is a municipal corporation organized under the laws of the state of New York.

### The Facts

13. Deny the truth of the allegations contained in paragraph 13 of the complaint, except admit that certain Yonkers police officers were present at the Tyrone House Bar during the early-morning hours of May 19, 2006, and further admit that plaintiff was present at the Tyrone House Bar at such time.

14. Deny the truth of the allegations contained in paragraph 14 of the complaint.

15. Deny the truth of the allegations contained in paragraph 15 of the complaint.

16. Deny the truth of the allegations contained in paragraph 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint, except admit plaintiff was lawfully arrested by certain members of the Yonkers Police Department.

18. Deny the truth of the allegations contained in paragraph 18 of the complaint.

19. Deny the truth of the allegations contained in paragraph 19 of the complaint.

20. Deny the truth of the allegations contained in paragraph 20 of the complaint.

21. Deny the truth of the allegations contained in paragraph 21 of the complaint.

22. Deny the truth of the allegations contained in paragraph 22 of the complaint.

2096312.1

23. Deny the truth of the allegations contained in paragraph 23 of the complaint.

24. Deny the truth of the allegations contained in paragraph 24 of the complaint, except admit that plaintiff was brought to St. Joseph's Hospital.

25. Deny the truth of the allegations contained in paragraph 25 of the complaint.

26. Deny the truth of the allegations contained in paragraph 26 of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint, except deny that Captain Cave ignored any request by Florim's counsel to meet with Florim.

28. Deny the truth of the allegations contained in paragraph 28 of the complaint, except admit that plaintiff was lawfully charged with criminal offenses.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30. Deny the truth of the allegations contained in paragraph 30 of the complaint, except admit that plaintiff was lawfully charged with criminal offenses.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint, except admit that plaintiff was lawfully charged with criminal offenses.

32. Deny the truth of the allegations contained in paragraph 32 of the complaint, except admit that Florim's counsel sent a letter addressed to Commissioner Edmund Hartnett.

33. Deny the truth of the allegations contained in paragraph 33 of the complaint.

34. Deny the truth of the allegations contained in paragraph 34 of the complaint.

### As and For a Response to the First Claim

35. Repeat and re-allege the responses contained in paragraphs 1 through 34 above as if fully set forth herein.

36. Deny the truth of the allegations contained in paragraph 36 of the complaint, and respectfully refer all questions of law to the Court.

### As and For a Response to the Second Claim

37. Repeat and re-allege the responses contained in paragraphs 1 through 36 above as if fully set forth herein.

38. Deny the truth of the allegations contained in paragraph 38 of the complaint, and respectfully refer all questions of law to the Court.

### As and For a Response to the Third Claim

39. Repeat and re-allege the responses contained in paragraphs 1 through 38 above as if fully set forth herein.

40. Deny the truth of the allegations contained in paragraph 40 of the complaint, and respectfully refer all questions of law to the Court.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. There was probable cause to arrest plaintiff.

### Third Affirmative Defense

3. In arresting plaintiff, members of the Yonkers Police Department used no more force than was reasonably necessary under the circumstances, and acted properly and lawfully in defending themselves against a physical assault by plaintiff.

### Fourth Affirmative Defense

4. The individual defendants are entitled to qualified immunity from suit.

### Fifth Affirmative Defense

5. If, as alleged, plaintiff's civil rights were violated, such violation did not occur pursuant to any policy, custom or practice of the City of Yonkers or at the direction of any policy-making official.

### Sixth Affirmative Defense

6. There is no person employed by the City of Yonkers as a police officer named "Thomas Molina."

### Seventh Affirmative Defense

7. There is no person employed by the City of Yonkers as a police officer named "Roberta Moran."

### Eighth Affirmative Defense

8. There was probable cause to charge and prosecute plaintiff with criminal offenses.

WHEREFORE, Defendants John Traynor, Christian Koch, Michael Cassino, Keith Olson, Edmund Hartnett and the City of Yonkers demand judgment as follows: (a) dismissing the Complaint with prejudice; (b) for the costs, disbursements and attorney's fees incurred in the defense of this action; and (c) for such other and further relief as the Court may deem just and proper.

Dated:   White Plains, New York
         August 27, 2008

        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        Attorneys for Defendants John Traynor,
        Christian Koch, Michael Cassino, Keith
        Olson, Edmund Hartnett and the
        City of Yonkers


By: Peter A. Meisels (PM-5018)

3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
File No. 05781.00018